DLD-141                                                                                                  March 7, 2013
**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

C.A. No. **12-3595**

WILLIE SMITH, Appellant

   VS.

JOHN KERESTES, Superintendent et al.

   (W.D. Pa. Civ. No. 2-10-cv-00048)

Present:       AMBRO, SMITH and CHAGARES, Circuit Judges

   Submitted is Appellant's request for a certificate of appealability under 28 U.S.C. §2253(c)(1);

   in the above-captioned case.

                                                                   Respectfully,


                                                                   Clerk

MMW/DLG/jk

_____ORDER_____

The foregoing application for a certificate of appealability (COA) is granted in part and denied in part.  It is granted on one of the appellant's four claims: whether trial counsel was ineffective for failing to communicate an alleged plea offer that would have resulted in a shorter sentence than the one appellant received after trial.  See Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012); United States ex rel. Caruso v. Zelinsky, 689 F.2d 435, 438 (3d Cir. 1982).  While the District Court held this claim to be procedurally defaulted, the issue is still being litigated in state court.  As jurists of reason could disagree on both the merits of this claim and whether the "the district court was correct in its procedural ruling," we conclude that the appellant has satisfied the COA standard here.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  We do not so find with regard to the appellant's remaining claims, which were squarely addressed on the merits by the District Court, because jurists of reason would not debate the District Court's disposition of them.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Counsel will be appointed to represent appellant on appeal.

Although we grant a COA on the entirety of the plea claim, we recognize that the

procedural question presented may resolve itself should the appellant exhaust his state remedies. Accordingly, at the time of briefing, the parties are directed to advise the Court of the status of appellant's state-court proceedings.

                                                                By the Court,

                                                                /s/D. Brooks Smith
                                                                Circuit Judge

Dated: April 18, 2013

JT/cc:  Federal Public Defender, WDPA
        Thomas W. Minett, Esq.
        Willie Smith