IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 12-3595

---

WILLIE SMITH.
Appellant,

vs.

JOHN KERESTES, Superintendent, et al.,
Appellees.

---

Appeal from an Order entered
In the United States District Court for the
Western District of Pennsylvania at No. 2:10-cv-00048

---

# BRIEF FOR APPELLEES

---

District Attorneys Office
Lawrence Co. Government Center
New Castle, PA. 16101
724/656-1915

Thomas W. Minett,
Assistant District Attorney

Attorney for Appellees

# TABLE OF CONTENTS

Table of Authorities....................................................................................2

Counter-statement of the Issue...................................................................3

Statement of Related Cases and Proceedings.....................................................4

Summary of the Argument........................................................................5

Argument.........................................................................................6

Conclusion.......................................................................................16

Certificate of Bar Membership...................................................................17

Certificate Pursuant to Rule of Appellate Procedure 32(a) (7) (c)........................17

Certificate of Identical Text....................................................................17

Certificate of Virus Check.......................................................................18

Certificate of Service............................................................................18

# TABLE OF AUTHORITIES

**CASES:**

*Lafler v. Cooper*, 132 S.Ct. 1376 (2012)....................................................13, 14

*Missouri v. Frye*, 132 S.Ct. 1399 (2012)....................................................13, 14

**STATUTES:**

28 U.S.C. Section 2254(d)...........................................................................12

28 U.S.C. Section 2254(e) (l)......................................................................12

U.S. CONST. Amend VI……………………………………………….5

## COUNTER STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

**ISSUE**: WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO COMMUNICATE AN ALLEGED GUILTY PLEA OFFER THAT WOULD HAVE RESULTED IN A SHORTER SENTENCE THAN THE ONE APPELLANT RECEIVED AFTER TRIAL?

## STATEMENT OF RELATED CASES AND PROCEEDINGS

Counsel is aware of no related cases or proceedings.

## SUMMARY OF THE ARGUMENT

At its core, this case requires there to be a decision whether the conflicting testimony of Smith or trial counsel is believed. The facts of this case demonstrate that trial attorney Leslie communicated the guilty plea offer and provided sound legal advice that Smith chose to reject for his own tactical reason. There was no violation of the Sixth Amendment.

# ARGUMENT

## TRIAL COUNSEL PROPERLY AND REPEATEDLY PRESENTED THE GUILTY PLEA OFFER TO SMITH WHICH SMITH REJECTED

### STANDARD OF REVIEW

This court exercises plenary review over the decision of the district court, as the court did not hold an evidentiary hearing.

Smith was repeatedly presented with the guilty plea offer and the potential benefits to him by accepting the offer. Smith rejected the offer.

Hearing testimony by trial counsel, Thomas W. Leslie Esq., was presented in the state post conviction hearing court on July 21, 2008. App. 134 - 174. The dispute over the communication of the guilty plea offer first arose when Smith's post conviction counsel, Attorney Gerald Iwanejko, was pressing Attorney Leslie about Leslie not requesting an intoxication instruction at trial after the jury, during deliberations, submitted a question to the Court about intoxication. Attorney Leslie explained that Smith specifically directed him not to request such an instruction. App. 143. In response to a follow up question, Leslie explained that he had prepared thoroughly on the legal issue of intoxication and that the prosecution had made an offer for a guilty plea to third degree murder that was consistent with

killing while intoxicated. Attorney Leslie noted that voluntary intoxication may only reduce first degree murder to third degree murder. (18 Pa.C.S.A. Section 308). However, Leslie said that Smith planned to testify, and did in fact testify, that the shooting was an accident. App. 144. During a discussion between Attorney Leslie and Smith, Smith explained to Attorney Leslie, as Leslie testified, that first degree murder carried a sentence of life imprisonment and that the offered third degree murder plea was for eight years which was a "life sentence" for him (Smith) because he was then 63 years old. Smith wanted to "go with" a claim that the shooting was an accident and he did proceed in that way. App. 144 - 145.

Attorney Leslie recalled a specific discussion on this matter with Smith shortly before trial began (and therefore prior to the discussion during jury deliberations regarding the jury intoxication question). "Foremost" in the pre-trial discussion was Leslie advising Smith that he really needed to take the offered guilty plea. Smith was told by Leslie that the killing was either first degree or third degree unless the jury decided that it was an accident resulting in a manslaughter conviction. Attorney Leslie testified that, "I could not convince Willie (Smith) to take the plea. He insisted on it being an accident." App. 145. This theme remained during the jury deliberation discussion of the jury intoxication question. Attorney Leslie revealed the discussion between he and Smith at their meeting during the deliberations when the jury returned with the intoxication question. Leslie related

the jury question to Smith and Smith asked Leslie his prediction if they requested the intoxication instruction. Attorney Leslie advised Smith, "I could almost guarantee that if the judge instructs them on this (intoxication), we'll get third degree." Smith told Leslie that, "it was an accident...I want to go through with it." App. 146 - 147.

Smith has denied that Attorney Leslie communicated the offered guilty plea to him. However, there was an exchange to note between the prosecutor and Smith at the July 21, 2008, hearing,

> Q. Do you recall telling Mr. Leslie I can't take a plea to nothing because that's a life sentence for me, I either got to get manslaughter or nothing, I got to roll the dice?
>
> A. No, I never told him that. If I told him that, I was talking to him, that's supposed to be --- if this happened, it was supposed to be between him and me. How did you find out?

App. 133.

After the hearing of July 21, 2008, Smith's hearing counsel, Gerald Iwanejko, Esq., did not amend Smith's pending post conviction petition to include a claim that Attorney Leslie did not communicate the guilty plea offer. The petition went to decision. In its decision (App. 181) on the post conviction petition dated November 14, 2008, the hearing Court credited the testimony by trial counsel,

Attorney Leslie, over that of Smith in concluding that Smith rejected the offered intoxication charge and, accordingly, Leslie was not ineffective for failing to request that charge. App. 190. On appeal to the Superior Court of Pennsylvania by Smith, the judgment was affirmed and the Superior Court adopted the Opinion of the hearing judge, President Judge Motto, as its opinion. App. 198. A petition for allowance of appeal to the Supreme Court Pennsylvania was denied. App. 203.

Smith filed another post conviction petition on December 10, 2009, (App. 199, et seq), in which he specifically raised the claim that Attorney Leslie had not communicated the guilty plea offer to him. The prosecution filed a response listing four technical reasons why the petition should be dismissed and renewed those challenges at the beginning of the hearing of December 1, 2010. App. 224, et seq. The prosecution's reasons were taken under advisement and the hearing proceeded. App. 226. The substance of the prosecution's reasons can be summarized as the delay in presenting the plea offer claim to the court and that the plea offer issue was decided as part of the intoxication instruction issue previously before the court. Smith testified at that hearing that no guilty plea offer had been communicated to him by Attorney Leslie. The 2009 petition was decided by an Order and Opinion again by Judge Motto dated April 23, 2012. App. 234, et seq. In the course of his Opinion denying Smith relief, Judge Motto noted:

> ... this court entered an Opinion and Order dated November 14, 2008 which determined that defendant was not entitled to relief and his petition was denied. Implicit in the Court's decision on the intoxication instruction issue was the Court accepting the testimony of trial counsel that a strategic decision had been made Defendant's agreement that such an instruction would not be requested because any conviction would be tantamount to a life sentence because of defendant's age.

App. 237.

The hearing judge who listened to the testimony of both Smith and Attorney Leslie confirmed his acceptance of Leslie's testimony and rejection of Smith's where the testimony conflicted as again noted in his Opinion of April 23, 2012,

> This Court also finds that defendant's claim that he was not advised of a guilty plea offer was previously litigated in the Second Amended PCRA petition proceedings in that this Court accepted the testimony of trial counsel that defendant was not interested in a disposition that involved murder of the third degree. As trial counsel noted, defendant said "I don't want third degree." Defendant has filed the pending petition for post-conviction collateral relief raising the issue of ineffectiveness of trial counsel for failing to advise defendant of a guilty plea bargain offer for third degree murder. Implicit in the Court's decision on the Second Amended Petition on whether trial counsel failed to request a jury instruction concerning the effect of intoxication on specific intent as it related to the degree of murder was the Court accepting the testimony of trial counsel and rejecting that of the defendant where their testimony conflicted.

App. 244.

Again confirming that the testimony of Attorney Leslie was accepted over that of Smith where there was a conflict in the testimony, Judge Motto opined that

> Here, the Defendant has raised in the pending PCRA petition an issue that was implicit in the prior petition in which the Court accepted the testimony

> of trial counsel and rejected that of the defendant where their testimony conflicted. At the July 21, 2008 hearing trial counsel testified that he discussed with the defendant a plea of guilty to murder of the third degree and defendant testified that there was no such discussion. More significantly, trial counsel discussed a voluntary intoxication instruction which could have lowered the degree of guilt to murder of the degree and defendant specifically stated that he did not want murder of the third degree. This Court has specifically found this testimony to be true in finding that Defendant knowingly agreed that a voluntary intoxication instruction would not be requested, and therefore trial counsel was not ineffective. The Superior Court reviewed the record and adopted the opinion and order of the trial court as its own for purposes of further appellate review and found defendant's arguments on appeal meritless.

App. 245.

Finally, Judge Motto specifically placed his credibility determination into the record,

> This Court finds that the instant claim that trial counsel failed to communicate a plea bargain by the Commonwealth lacks credibility. In support of defendant's claim, he testified that he was never informed by trial counsel either before or during trial of a plea offer. However, at the July 21, 2008 hearing Attorney Leslies specifically refuted that claim in his testimony on page 34 of the Notes of Testimony in which he emphatically states that he "knew the offer for third degree happened early on in the case, and it remained in effect right until the time the jury had a verdict, and I did convey it to Mr. Smith." This Court found Attorney Leslie's testimony credible and finds the defendant's testimony to be not credible. Therefore, defendant's claim that he was never informed of a plea offer lacks merit.

App. 247.

On January 13, 2010, Smith filed the federal habeas corpus petition that has proceeded to this Court. Those proceedings were stayed pending the state

resolution of the issues. Smith, through counsel, appealed the decision of Judge Motto of April 23, 2012, to the Superior Court of Pennsylvania which affirmed the decision of Judge Motto in a Memorandum decision filed July 9, 2013. App. 249. The Supreme Court of Pennsylvania denied Smith's petition for allowance of appeal by Order of February 19, 2014.

The Antiterrorism and Effective Death Penalty Act applies to this case. 28 U.S.C. Section 2254(d) and 28 U.S.C. Section 225a(e)(l), accord a deferential standard of review to state court decisions and a presumption of correctness to state court findings of fact, respectively. This is similar to the state principle that appellate courts will accept trial court determinations on credibility. President Judge Motto clearly accepted Attorney Leslie's recollection of their guilty plea and intoxication discussions over Smith's non-recollection. The same should be done again instantly. Smith challenges the credibility of Attorney Leslie in his Brief; however, the matters now raised by Smith were part of the hearing and record that Judge Motto had in making his factual decision on who to believe. Judge Motto's view of Smith and Leslie as they testified placed him in the best position to decide on credibility and he did so contrary to the claim of Smith. Smith complains that Leslie had no paper work to corroborate his oral testimony, but Leslie explained that a theft at his office took a computer where many of his records were kept. Further, the Smith - Leslie meetings occurred prior to and during the June 2004

trial of Smith. It was 2012 before attention was focused on guilty plea communication issues by *Missouri v. Frye*, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012). The exchange between Smith and the prosecutor noted above (App. 133) where Smith was offended that Leslie appeared (to Smith) to breach attorney-client confidentiality itself provided a reason to disbelieve Smith. From that exchange, Smith wanted to know how the prosecutor knew of a conversation between Smith and Leslie that Smith claimed did not happen. Smith's claim is not to be believed and there is no reason to ignore the hearing court's clear repeated decision on the credibility of Smith and Leslie.

*Missouri v. Frye*, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), do not give Smith support. In *Missouri v. Frye*, 132 S.Ct. 1399 (2012), defense counsel received a written guilty plea offer which had a time limit. Counsel let the time expire without communicating with the defendant Frye and Frye later felt compelled to accept a less favorable plea arrangement. In *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), defendant Lafler's counsel gave him advice to reject a guilty plea offer based on counsel's inaccurate understanding of the law. Lafler followed the advice, was convicted at trial, and received a sentence far in excess of the guilty plea offer. Frye and Lafler received relief from errors by counsel. Instantly, the facts demonstrate that Attorney Leslie provided sound legal advice that Smith chose to reject for his own tactical reason. Both Frye and Lafler

were prejudiced by the ineffective assistance of their counsel. Smith was not provided ineffective assistance by Attorney Leslie. Leslie, from that accepted facts, met with Smith on more than one occasion and advised Smith of the nature of first and third degree murder charges including the differences in intent between the charges and the affect of intoxication on those charges. Smith was advised on the elements of manslaughter and Smith grasped strongly on the potential for accidental shooting to result in a manslaughter verdict. Smith was aware of the potential sentences for these homicide charges based on his distinguishing between what charge he would plead guilty to at his age because of length of sentences. Smith received all the essential information from Attorney Leslie as well as Leslie's advice to accept the third degree murder plea offer. Smith rejected the offer and now tries to escape the consequences of his decision. The Supreme Court in *Frye, supra*, at 1408 and 1409, observed, " (T)he prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences." This instant claim by Smith is late, frivolous and fabricated after he proceeded to trial against advice of Leslie and received the harsh consequences of his decision. The only prejudice suffered by Smith was the prejudice that he inflicted upon himself.

Attorney Iwanejko failed to effectively represent Smith when he failed to amend Smith's post conviction claims after the hearing of July 23, 2008, to specifically include the claim that Attorney Leslie was ineffective for failing, as Smith claimed, to advise Smith of the third degree murder guilty plea offer. However, that failure by Iwanejko is of no moment because his failure was a failure to include a claim that lacked merit. Smith was not prejudiced by Iwanejko's technical ineffectiveness.

## CONCLUSION

Because the facts of record clearly establish that Smith had the guilty plea offer and sound legal advice communicated to him by trial counsel, the decision of the district court should be affirmed.

Respectfully submitted,

/s/ Thomas W. Minett
Thomas W. Minett,
Assistant District Attorney

Counsel for the Appellees

## CERTIFICATE OF BAR MEMBERSHIP

I, Thomas W. Minett, certify that I am a member of the bar of this Court.

/s/ Thomas W. Minett
Thomas W. Minett,
Assistant District Attorney
Counsel for Appellees

## CERTIFICATE PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 32 (A) (7) (C)

I certify that the within Brief for Appellee contains 2,752 words , and 302 lines, exclusive of title page, Table of Contents, Table of Authorities, and certificates of counsel; and, therefore complies with Federal Rule of Appellate Procedure 32 (A)(7)(C).

/s/ Thomas W. Minett
Thomas W. Minett,
Assistant District Attorney
Counsel for Appellees

## CERTIFICATE OF IDENTICAL TEXT

I, Thomas W. Minett, certify that the text of the E-Brief and the hard copy of the Brief for the Appellees filed at No. 12-3595 are identical.

/s/ Thomas W. Minett
Thomas W. Minett,
Assistant District Attorney
Counsel for Appellees

**CERTIFICATE OF VIRUS CHECK**

I, Thomas W. Minett, certify that a virus check was performed on the Brief for the Appelles filed at No. 12-3595 using McAfee.

/s/ Thomas W. Minett
Thomas W. Minett,
Assistant District Attorney
Counsel for Appellees

**CERTIFICATE OF SERVICE**

I hereby certify that two (2) true and correct copies of the Brief for Appellees were mailed via U.S. Mail to the following:

Lisa B. Freeland, Esq.
Federal Public Defender
1500 Liberty Center
1000 Liberty Avenue
Pittsburgh, PA 15222

/s/ Thomas W. Minett
Thomas W. Minett,
Assistant District Attorney
Date August 19, 2015 Counsel for Appellees